# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DYHAN SLAUGHTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 5851 |
| | ) |
| WINSTON & STRAWN LLP, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Winston & Strawn LLP's (Winston) partial motion to dismiss and motion to strike. For the reasons stated below, both the partial motion to dismiss and the motion to strike are granted.

## BACKGROUND

Plaintiff Dyhan Slaughter (Slaughter) allegedly began working for Winston as a legal secretary in 1998. Slaughter contends that she suffers from epilepsy and a progressive hearing loss disorder and is thus disabled. According to Slaughter, over the course of six years, she was discriminated against because of her alleged disabilities and Winston failed to accommodate her alleged disabilities. Winston also allegedly retaliated against her because she complained about discrimination.

1

Slaughter filed an initial charge (First Charge) with the Equal Employment Opportunity Commission (EEOC) on November 8, 2013, and a second charge (Second Charge) with the EEOC on April 2, 2015. Slaughter includes in her complaint a retaliation claim brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (ADA) (Count I), an ADA discrimination claim based on an alleged denial of compensation (Count II), an ADA failure to accommodate claim (Count III), an ADA discrimination claim based on employment practices (Count IV), an ADA interference claim (Count V), an ADA inquiry claim (Count VI), and an intentional infliction of emotional distress (IIED) claim (Count VII). Winston moves to dismiss the claims in Counts IV, V, VI and VII, and to strike certain paragraphs of the complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that

contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted). Pursuant to Federal Rule of Civil Procedure 12(e) (Rule 12(e)), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(e).

## DISCUSSION

I. Time-Barred Claims

Winston argues that the claims in Counts IV, V, and VI are time-barred. A plaintiff seeking to bring an ADA claim in federal court "must file suit within ninety days of receiving notice of his right to sue." *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009). Slaughter has not disputed that the EEOC issued her a Notice of Right to Sue letter in November 2013 and that she did not file an action within the 90-day period. (Resp. 3-4). Nor has Slaughter pointed to allegations in her complaint that shows that the claims in Counts IV, V, and VI are premised on conduct that is within the limitations period. Slaughter contends, however, that she may still rely upon the conduct alleged in the First Charge based on extenuating circumstances.

A. Extenuating Circumstances

Slaughter contends that certain circumstances prevented her from filing an action within the 90-day period. A party may seek to file an action beyond a limitations period under the doctrine of equitable tolling. *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 930-31 (7th Cir. 2015). However, tolling under the doctrine "is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Id.*; *see also Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 972 (7th Cir. 2011)(stating that the 90-day deadline may be relaxed based on the doctrine of equitable tolling). In the instant action, Slaughter contends that she suffered seizures in June 2013 and August 2013 that caused her to be "neurologically unfit to pursue her case" within the 90-day period. (Resp. 4). However, even if the court were to accept such unsupported assertions that Slaughter was incapacitated to the extent that prevented from bringing a timely action, Slaughter fails to explain why she did not proceed in a timely fashion after the alleged problems subsided. The record reflects that Slaughter did not suffer from neurological problems that prevented her from pursuing the Second Charge in April 2015. Slaughter did not bring the instant action with the allegations from the First Charge until years after she received her Notice of Right to Sue for the First Charge. Even if Slaughter could show that based on her medical circumstances she was delayed in filing an action, that tolling does not mean that the limitations period is null and void and Slaughter is given a license to pursue a claim at any time in the future. Thus, Slaughter has not shown that she is entitled to relief under the equitable tolling doctrine.

4

B.  Continuing Violation Doctrine

Slaughter argues that she pursued the Second Charge in a timely fashion and that the continuing violation doctrine enables her to reach back and base her claims on such time-barred conduct.  A person seeking to pursue an ADA claim must file an employment discrimination charge with the EEOC "within 300 days after the alleged unlawful employment practice occurred."  *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004).  The conduct alleged in the First Charge, allegedly occurred well before the 300-day limitation period.  Under the continuing violation doctrine, a plaintiff can "delay suing until a series of wrongful acts blossoms into an injury on which suit can be brought."  *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014)(internal quotations omitted)(quoting *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008)).  However, the doctrine does not apply to discrete acts such as are alleged by Slaughter in the instant action.  *Id.*  Even if the doctrine could extend to the series of discrete acts listed in the complaint, it would not be applicable in this case since Slaughter's allegations do not suggest a series of events that eventually rose to the level of an actionable injury.  The Seventh Circuit has explained that "[c]umulative violations arise when it is not immediately apparent that the law is being violated."  *Id.*; *see also Dasgupta v. Univ. of Wisconsin Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997)(stating that a "continuing violation is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period").  The fact that Slaughter filed the First Charge shows that, at the

5

very least, in 2013 Slaughter believed that Winston was violating the ADA. Slaughter cannot circumvent the 90-day filing requirement for the First Charge by denying that she was aware at that time that she had suffered an actionable injury. Slaughter also argues that she incorporated the allegations of her First Charge into her Second Charge. However, if it were that simple to revive untimely claims, the limitations periods relating to ADA claims would have no meaning. Slaughter acknowledges that she failed to abide by the limitations periods. In addition, the continuing violation doctrine apply to the 90-day deadline. *See Williams v. Pepsi-Cola Gen. Bottlers, Inc.*, 2007 WL 2409790, at *3 (N.D. Ill. 2007)(explaining that the "trigger for filing suit in federal court is not when the alleged discriminatory action occurred but rather when the plaintiff receives the notice of right to sue, so the continuing violation doctrine could have no application to the 90-day requirement"). Thus, Slaughter cannot rely on the time-barred conduct. Finally, to the extent that Slaughter argues that she can pursue a pattern or practice claim, she has not shown that she has any private right of action to bring such a claim. *See King v. City of Chicago*, 2002 WL 31101273, at *2 (N.D. Ill. 2002)(stating that "only the EEOC, and not an individual, can bring a pattern and practice claim")(citing *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 360 (1977)). Therefore, Winston's motion to dismiss the claims in Counts IV, V, and VI is granted.

II. IIED Claim (Count VII)

Winston argues that the IIED claims are preempted and that Slaughter has failed to allege facts to suggest extreme and outrageous conduct. In regard to the

6

preemption issue, state torts that are "inextricably linked" to civil rights violations that fall under the Illinois Human Rights Act must be brought before the Illinois Human Rights Commission and are preempted. *Quantock v. Shared Mktg. Servs., Inc.*, 312 F.3d 899, 905 (7th Cir. 2002)(citing *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997)). It is possible under certain circumstances to pursue both a discrimination claim and an IIED claim. *See Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006)(indicating that "discrimination and intentional infliction of emotional distress are different wrongs, and so torts that do not depend on a civil rights violation are not preempted"). However, in the instant action, Slaughter's IIED claim is premised upon the same alleged conduct and same alleged wrongs that she relies upon to support her discrimination and retaliation claims. Slaughter argues that aside from her contention of discrimination, she can rely upon her allegations that Winston exercised power or authority over her and used that power or authority to make veiled or explicit threats of future mistreatment, termination, probation, or forced retirement. (Resp. 14). However, such alleged conduct is directly tied to Slaughter's ADA retaliation claim and to protections against retaliation that are provided to her in the Illinois Human Rights Act. *See Maksimovic*, 687 N.E.2d 21, 24 (Ill. 1997)(indicating that to avoid preemption a plaintiff must "establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act"); *see also Schroeder v. RGIS, Inc.*, 992 N.E.2d 509, 518-19 (Ill. App. Ct. 2013)(holding that the "plaintiff's tort claim [was] inextricably linked to a civil rights violation, i.e., the retaliation he endured after reporting his supervisor's discriminatory conduct toward him"). Slaughter has

7

failed to identify an independent basis to bring her IIED claim and the claim is thus preempted. In addition, the court notes that the allegations presented by Slaughter do not plausibly suggest extreme and outrageous conduct. *See Fox v. Hayes*, 600 F.3d 819, 842 (7th Cir. 2010)(stating that "[f]or conduct to be extreme and outrageous it must go beyond all bounds of decency and be considered intolerable in a civilized community")(internal quotations omitted)(quoting *Lopez v. City of Chi.*, 464 F.3d 711, 721 (7th Cir. 2006)). Therefore, the motion to dismiss the IIED claim (Count VII) is granted.

III. Motion to Strike

Winston moves to strike allegations relating to conduct that is time-barred. Although motions to strike are generally disfavored, *see Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007)(indicating that motions to strike generally do not promote judicial economy), Rule 12(e) provides such relief to litigants in certain instances such as in the instant action. Winston has correctly pointed out that the complaint is replete with allegations of time-barred conduct. Striking the portions of the complaint identified by Winston, (Mem. Dis. 13), would serve to remove irrelevant facts from the complaint and would promote judicial economy. Therefore, the motion to strike is granted.

## CONCLUSION

Based on the foregoing analysis, Winston's partial motion to dismiss the motion to strike are granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   November 13, 2015